STATE OF INDIANA ET AL. *v.* DEPARTMENT OF
FINANCIAL INSTITUTIONS ET AL.

[No. 15,652. Filed November 17, 1936. Rehearing denied
June 16, 1937. Transfer denied September 23, 1937.]

*Philip Lutz, Jr.,* Attorney-General, *Ralph E. Hanna,* Assistant Attorney-General, and *Omer S. Jackson,* Attorney-General, for the State.

*Ralph E. Roberts,* and *L. N. Savage,* for appellees.

PER CURIAM.—This is an appeal from a judgment giving the Trustee of Huff Township, Spencer County, Indiana, a right of reimbursement out of the State Sinking Fund for Public Deposits, for public funds on deposit in the Grandview Bank of Grandview, Indiana, on the date of its closing.

The proceedings had in this cause, which culminated in this appeal, were had pursuant to Sec. 9 of Chapter 33, Acts Special Session of 1932, which statute provided for the creation of said sinking fund. The only error properly assigned is error in overruling appellants' motion for new trial. The causes for new trial, which are presented, are that the decision of the court is not sustained by sufficient evidence, and that the decision is contrary to law.

All the evidence was stipulated. It showed that the Grandview Bank was the duly designated public depository of Huff Civil and School Township in 1931, 1932, and until the bank closed on December 4, 1933.

On December 31, 1932, said township had $4,539.30 on deposit in the bank. On March 4, 1933, the bank closed pursuant to the "bank holiday." During the period from January 1, 1933, to March 4, 1933, Huff Township deposited $645.24.

Pursuant to regulations of the State Bank Commission the bank re-opened as a "Class B" bank on March 24, 1933, and continued to operate as a "Class B" bank until December 4, 1933, when it closed. From March 24, 1933, until December 4, 1933, Huff Township deposited $5,897.70. In accordance with regulations of the State Bank Commission, said deposits were audited in a special "Trust Account."

From January 1, 1933, until the bank closed Huff Township withdrew a total of $9,789.94. Of these withdrawals the bank charged withdrawals in the total sum of $5,897.80 against the "trust account," thus showing no balance due the township on that account when the bank closed, and charged the balance of said withdrawals, in the total sum of $3,891.14, against the other account,—leaving a balance of $1,292.50 due the township in that account when the bank closed.

The withdrawals charged against the regular checking account included: (a) An amount owing to said bank by the township which was evidenced by a promissory note; (b) Monthly withdrawals of 5% of the balance of said account as of March 4, 1933, from March 24, 1933, until the bank closed, in accordance with regulations of the State Bank Commissioner; (c) All warrants outstanding on March 4, 1933.

The trial court allowed a claim against the sinking fund in the amount of $1,292.50, or for the total balance in said checking account.

Appellant contends that since only $645.24 was deposited in the checking account after the first Monday in January, 1933, only that much is "new money" within

the meaning of said sinking fund act and is refundable out of the sinking fund.

Appellee contends that since much more than the amount in the checking account on December 31, 1932, was withdrawn after the first Monday in January, 1938, all the old money had been "exhausted," in accordance with Sec. 2 of said sinking fund act, and therefore no part of the balance due the township when the bank closed, should be considered "old money," but all of it ($1,292.50) should be considered "new money" for the purpose of said Act.

The bank commissioner was authorized by statute to issue the regulation closing the bank, and the regulation permitting it to open as a "Class B" bank, Secs. 18-207, 18-2416 Burns 1933, §§7732, 8217 Baldwin's 1934, and both regulations had the force and effect of law. Sec. 18-207 Burns 1933, §7732 Baldwin's 1934, *supra.*

The bank having been closed pursuant to the order of the bank commissioner, it had no banking powers until the bank commissioner authorized it to re-open as a "Class B" bank. As a "Class B" bank it did not have authority to receive deposits on checking accounts in the usual way, but it was authorized to receive such deposits as special deposits *only,* to be kept separate and apart from the checking accounts established before the bank holiday, all of which accounts had been restricted. As a "Class B" bank it did not have the power to merge the deposits made after the bank became a "Class B" bank, with said restricted accounts. Pursuant to regulations, which had the force and effect of law, the bank kept said lines of deposit in separate accounts, the one being a "trust account," and the other a restricted checking account.

We hold that the provision in Sec. 2 of said sinking fund Act (Acts 1932 p. 140), that:

". . . whenever on or subsequent to said ■ first Monday in January, 1933, any public depository shall have both 'old money' and 'new money' on deposit by the State of Indiana or any of its political subdivisions, all withdrawals of money by such public depositors after the first Monday in January, 1933, shall be withdrawals of 'old money' until the amount thereof on deposit shall be exhausted; . . ."

is not applicable to money in an account which is separate from the account which is the basis of the claim for reimbursement from the sinking fund. See *Lutz* v. *Trustees of Purdue University* (1935), 102 Ind. App. 482, 1 (2d) N. E. 680 (Transfer denied by Supreme Court September 30, 1936.)

Since only $645.24 was deposited in the account, which is the basis of the claim for reimbursement, after the first Monday in January, 1933, the claim should ■ have been allowed in that amount and no more.

We hold therefore that the decision of the court is contrary to law, and that it is not sustained by sufficient evidence. The judgment of the trial court is reversed with instructions that the trial court render judgment that the Civil Township of Huff Township and the School Township of Huff Township recover only $645.24 out of the State Sinking Fund for Public Deposits.